IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANDREW J. RHODES, | : | Civil Action No. 3:12-CV-1138 |
| | : | |
| Plaintiff, | : | (Judge Brann) |
| | : | |
| v. | : | |
| | : | |
| CAROLYN COLVIN[1], | : | |
| *Commissioner of Social Security,* | : | |
| | : | |
| Defendant. | : | |

**MEMORANDUM**

March 19, 2014

**ISSUE PRESENTED:**

This case requires the Court to decide whether Plaintiff knowingly and voluntarily waived his statutory right to representation at a disability determination hearing before an Administrative Law Judge. Because the Administrative Law Judge did not engage in an adequate colloquy regarding the right to representation with the unrepresented claimant, the Court will reverse the decision and remand the case to the Commissioner for reconsideration.

---

[1]The term of the named defendant, Michael J. Astrue, ended January 19, 2013, accordingly, the clerk will be directed to change the named defendant to current acting Commissioner, Carolyn Colvin.

**BACKGROUND:**

On September 15, 2009, plaintiff, Andrew J. Rhodes protectively filed an application for Disability Insurance Benefits.[2] ECF No. 9-5 at 2-8. Rhodes' application was denied on January 21, 2010. ECF No. 94 at 14-18. Rhodes appealed, and appeared unrepresented at a hearing before an Administrative Law Judge, Peter V. Train, on December 14, 2010. ECF No. 9-2 at 29-71. The Administrative Law Judge denied Rhodes' application for disability insurance benefits on February 4, 2011. ECF No. 9-2 at 16-28. On March 30, 2011 Rhodes appealed to the Commissioner of the Social Security Administration. ECF No. 9-2 at 8-9. The Commissioner denied Rhodes' appeal. ECF No. 9-2 at 2-5. On June 15, 2012, Rhodes, through counsel, filed a complaint with this Court to appeal the

---

[2]Plaintiff's counsel, Stephen J. Hogg, Esquire, wrote in his brief that Andrew J. Rhodes had also applied for Supplemental Security Income Benefits. Mr. Hogg did not represent plaintiff at the time of application nor at the time of the hearing before the Administrative Law Judge. The transcript provided by the Commissioner does not contain an application for Supplemental Security Benefits. The Administrative Law Judge indicated in his decision, ECF No. 9-2 at 16, only that Rhodes had protectively filed an application for disability insurance benefits. Curiously, although there is no application for Supplemental Security Income Benefits in the record, there is a Notice of Disapproved Supplemental Security Income. ECF No. 9-4 at 7. It appears that this may have been a prior application, and was not the basis of the Administrative Law Judge's decision. As the Administrative Law Judge treated this as solely a Disability Insurance Benefits case, and, the outcome for plaintiff is unchanged by treating his case as one or both, the undersigned will also treat this as only a Disability Insurance Benefits case.

Commissioner's decision.

The parties have briefed the appeal and it is ripe for disposition.  Now, therefore, for the following reasons, the Commissioner's decision will be reversed and remanded.

**DISCUSSION:**

Disability insurance benefits are paid to an individual if that individual is disabled and "insured;" that is, the individual has worked long enough and paid social security taxes. The last date that a claimant meets the requirements of being insured is commonly referred to as the "date last insured."  It is undisputed that Rhodes met the insured status requirements of the Social Security Act through December 31, 2013.

When considering a social security appeal, the Court has plenary review of all legal issues decided by the Commissioner.  *See Poulos v. Commissioner of Social Security*, 474 F.3d 88, 91 (3d Cir. 2007); *Schaudeck v. Commissioner of Social Sec. Admin.*,  181 F.3d 429, 431 (3d Cir. 1999); *Krysztoforski v. Chater*, 55 F.3d 857, 858 (3d Cir. 1995).  However, the Court's review of the Commissioner's findings of fact pursuant to 42 U.S.C. § 405(g) is to determine whether those findings are supported by 'substantial evidence.'  *Id.*; *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988); *Mason v. Shalala*, 994 F.2d 1058, 1064 (3d Cir. 1993).

Factual findings which are supported by substantial evidence must be upheld. 42 U.S.C. §405(g); *Fargnoli v. Massanari*, 247 F.3d 34, 38 (3d Cir. 2001) ("Where the ALJ's findings of fact are supported by substantial evidence, we are bound by those findings, even if we would have decided the factual inquiry differently."); *Cotter v. Harris*, 642 F.2d 700, 704 (3d Cir. 1981) ("Findings of fact by the Secretary must be accepted as conclusive by a reviewing court if supported by substantial evidence."); *Keefe v. Shalala*, 71 F.3d 1060, 1062 (2d Cir. 1995); *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001); *Martin v. Sullivan*, 894 F.2d 1520, 1529 & 1529 n.11 (11th Cir. 1990).

Substantial evidence "does not mean a large or considerable amount of evidence, but 'rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)(*quoting Consolidated Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)); *Johnson v. Commissioner of Social Security*, 529 F.3d 198, 200 (3d Cir. 2008); *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). Substantial evidence has been described as more than a mere scintilla of evidence but less than a preponderance. *Brown*, 845 F.2d at 1213. In an adequately developed factual record substantial evidence may be "something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the

evidence does not prevent an administrative agency's finding from being supported by substantial evidence." *Consolo v. Federal Maritime Commission*, 383 U.S. 607, 620 (1966).

Substantial evidence exists only "in relationship to all the other evidence in the record," *Cotter*, 642 F.2d at 706, and "must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. N.L.R.B.*, 340 U.S. 474, 488 (1971). A single piece of evidence is not substantial evidence if the Commissioner ignores countervailing evidence or fails to resolve a conflict created by the evidence. *Mason*, 994 F.2d at 1064. The Commissioner must indicate which evidence was accepted, which evidence was rejected, and the reasons for rejecting certain evidence. *Johnson*, 529 F.3d at 203; *Cotter*, 642 F.2d at 706-707. Therefore, a court reviewing the decision of the Commissioner must scrutinize the record as a whole. *Smith v. Califano*, 637 F.2d 968, 970 (3d Cir. 1981); *Dobrowolsky v. Califano*, 606 F.2d 403, 407 (3d Cir. 1979).

Another critical requirement is that the Commissioner adequately develop the record. *Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000)("The ALJ has an obligation to develop the record in light of the non-adversarial nature of benefits proceedings, regardless of whether the claimant is represented by counsel."); *Rutherford v. Barnhart*, 399 F.3d 546, 557 (3d Cir. 2005); *Fraction v. Bowen*, 787

F.2d 451, 454 (8th Cir. 1986); *Reed v. Massanari*, 270 F.3d 838, 841 (9th Cir. 2001); *Smith v. Apfel*, 231 F.3d 433. 437 (7th Cir. 2000); *see also Sims v. Apfel*, 530 U.S. 103, 120 S.Ct. 2080, 2085 (2000) ("It is the ALJ's duty to investigate the facts and develop the arguments both for and against granting benefits[.]").  If the record is not adequately developed, remand for further proceedings is appropriate. *Id*.

To receive disability benefits, the plaintiff must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 432(d)(1)(A).  Furthermore,

> [a]n individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.  For purposes of the preceding sentence (with respect to any individual), "work which exists in the national economy" means work which exists in significant numbers either in the region where such individual lives or in several regions of the country.

42 U.S.C. § 423(d)(2)(A).

The Commissioner utilizes a five-step process in evaluating disability insurance claims. See 20 C.F.R. § 404.1520; *Poulos*, 474 F.3d at 91-92. This process requires the Commissioner to consider, in sequence, whether a claimant, first, is engaging in substantial gainful activity; second, has an impairment that is severe or a combination of impairments that is severe; third, has an impairment or combination of impairments that meets or equals the requirements of a listed impairment; fourth, has the residual functional capacity to return to his or her past work; and, if not, fifth, whether he or she can perform other work in the national economy. *Id.*

Residual functional capacity is the individual's maximum remaining ability to do sustained work activities in an ordinary work setting on a regular and continuing basis. *See* Social Security Ruling 96-8p, 61 Fed. Reg. 34475 (July 2, 1996). The residual functional capacity assessment must include a discussion of the individual's abilities. *Id*; 20 C.F.R. § 404.1545; *Hartranft*, 181 F.3d at 359 n.1 ("'Residual functional capacity' is defined as that which an individual is still able to do despite the limitations caused by his or her impairment(s).").

At the first step of the sequential evaluation process, the Administrative Law Judge found that Rhodes had not engaged in substantial gainful activity since September 1, 2008. ECF No. 9-2 at 18.

At step two, the Administrative Law Judge found that Rhodes "has the following severe impairments: history of tonic clonic seizures; complex partial seizures; and multiple sclerosis."  ECF No. 9-2 at 18.

At step three the Administrative Law Judge found that Rhodes' impairments did not individually, or in combination, meet or equal a listed impairment. ECF No. 9-2 at 19.

At step four, the Administrative Law Judge found that Rhodes has the residual functional capacity "to perform a full range of work at all exertional levels but with the following nonexertional limitations: the work must not involve driving; must be able to avoid heights and working around moving machinery; must be able to be performed by someone with numbness in the left-non-dominant hand; and must still be able to be performed by someone with balance difficulty." ECF No. 9-2 at 19.  Because of this residual functional capacity determination, the Administrative Law Judge found that Rhodes was able to perform his past relevant work as a convenience store clerk or as an order selector.  ECF No. 9-2 at 24.

Because the Administrative Law Judge found that Rhodes was able to perform his past relevant work, he did not need to move on to step five and he denied Rhodes' application for benefits.  Rhodes appealed to the Commissioner who affirmed the decision of the Administrative Law Judge.  Rhodes then, through

counsel, appealed to this Court.

Rhodes argues that the Administrative Law Judge committed five errors. ECF No. 12. First, Rhodes argues that the Administrative Law Judge failed to adequately develop the record. Second, Rhodes argues that the Administrative Law Judge erred by not obtaining testimony from a medical expert. Third, Rhodes argues that the Administrative Law Judge did not consider plaintiff's impairments in combination. Fourth, Rhodes argues that the Administrative Law Judge erred in finding that plaintiff is capable of performing various activities of daily living. Finally, Rhodes argues that the Administrative Law Judge erred in not finding the testimony of plaintiff and his girlfriend to be credible.

The undersigned need only address the first alleged error, as the Court has determined that the Administrative Law Judge did err and the case will be reversed and remanded to the Commissioner. Plaintiff now has counsel to address the remaining four issues at a re-hearing.

Rhodes argues that because he was unrepresented at the hearing in front of the Administrative Law Judge, that the Administrative Law Judge had a heightened duty to develop the record and did not comport with the standards set forth in *Jozefick v. Shalala*, 854 F. Supp. 342 (M.D. Pa. 1994) (Vanaskie, J.). Specifically, Rhodes argues that the Administrative Law Judge erred in his colloquy to Plaintiff

about obtaining counsel; in not following up with plaintiff when he gave "rambling" or incomplete answers to questions; in not fully developing the record with regard to the frequency and duration of Plaintiff's seizures; and finally, in not questioning Plaintiff about his educational background, which, would indicate if Plaintiff had an impaired ability to understand questions.

A hearing before an administrative law judge to determine eligibility for disability benefits is not an adversarial hearing. "Social Security proceedings are inquisitorial rather than adversarial." *Sims v. Apfel*, 530 U.S. 103, 111; 120 S. Ct. 2080; 147 L. Ed. 2d 80 (2000). "It is the [Administrative Law Judge's] duty to investigate the facts and develop the arguments both for and against granting benefits." *Id.* (Internal citation omitted).

> This Court has repeatedly emphasized that the special nature of proceedings for disability benefits dictates extra care on the part of the agency in developing an administrative record and in explicitly weighing all evidence. We have pointed out that a hearing on an application for benefits is not an adversarial proceeding. The applicant is confronted with no adversary in the usual sense of that term. The Social Security Administration provides an applicant with assistance to prove his claim.
>
> \*\*\*\*\*
>
> When the claimant has been informed of his right to counsel before an administrative hearing and knowingly waives it, his lack of representation is not, of itself, cause for remand. Lack of counsel is sufficient cause for remand only if supported by a showing of clear prejudice or unfairness at the administrative hearing.

*Dobrowolsky v. Califano*, 606 F.2d 403, 406-407 (3d Cir. Pa. 1979) (internal citations omitted).

"[T]he [Administrative Law Judge] should "assume a more active role when the claimant is unrepresented" and thus has a "heightened" duty of care and responsibility in such instances." *Livingston v. Califano*, 614 F.2d 342, 345 (3d Cir. 1980) *citing Dobrowlsky, supra*.  Additionally, "[a]bsence of counsel at the administrative hearing not only increases the responsibility of the [Administrative Law Judge], but also requires the court to undertake a searching review of the record to determine that the claimant has received a full and fair hearing." *See Brittingham v. Weinberger*, 408 F. Supp. 606, 611 (E.D. Pa. 1976).

> A hearing may be characterized as "unfair" where the ALJ has failed to discharge his obligation to develop a complete record. *See Livingston v. Califano*, 614 F.2d 342, 345 (3rd Cir. 1980). The question is not "whether every question was asked which might have been asked had [the claimant] been represented by an attorney, [but] whether the record reveals evidentiary gaps which result in unfairness or clear prejudice." *Edwards v. Sullivan*, 937 F.2d 580, 585-86 (11th Cir. 1991).

*Jozefick v. Shalala*, 854 F. Supp. 342, 348 (M.D. Pa. 1994) (Vanaskie, J.).

As an initial matter, counsel did not cite to any precedent to support his four points of alleged error (colloquy to Plaintiff about obtaining counsel; plaintiff gave "rambling" or incomplete answers to questions; the frequency and duration of Plaintiff's seizures; educational background), other than citing to the cases the

11

undersigned has noted above which discuss the general proposition that an Administrative Law Judge must develop a complete record with an unrepresented claimant.

Despite counsel's failure to cite to precedent to support his position that the colloquy was incomplete, there is an abundance of case law on this topic. Compelling references are respectfully noted as follows:

> A claimant does not have a constitutional right to be assisted at a hearing before an [Administrative Law Judge]. *Vivaritas v. Comm'r of Soc. Sec.*, 264 F. App'x 155, 157 (3d Cir. 2008). However, the Act provides a statutory right to be represented at an [Administrative Law Judge] hearing. 42 U.S.C. § 406. Defendant has promulgated regulations pursuant to Section 406 relating to representation by both attorneys and non-attorneys at hearings before an [Administrative Law Judge]. See 20 C.F.R. §§ 404.1705, 416.1505.
>
> In determining whether reversal or vacatur is appropriate, the Court must undertake a multi-step process. *See Mayes v. Soc. Sec. Admin.*, 190 Fed. Appx. 183, 186 (3d Cir. 2006). First, the Court must determine if Plaintiff knowingly and voluntarily waived her right to representation. *Id.* "[W]hether the claimant waived the right to counsel knowingly and intelligently determines who has the burden of demonstrating whether remand is appropriate." *Vivaritas*, 264 F. App'x at 158. "If the [Administrative Law Judge] does not obtain a valid waiver of counsel, the burden is on the Commissioner to show the [Administrative Law Judge] adequately developed the record." *Id. (quoting Skinner v. Astrue*, 478 F.3d 836, 842 (7th Cir. 2007)). Otherwise, the burden is on Plaintiff to show that the ALJ failed to adequately develop the record. *Cf. id.*

*McGrew v. Colvin*, 2013 U.S. Dist. LEXIS 83991, 10-11 (W.D. Pa. 2013).

*McGrew* cited to several Third Circuit, and some District Court, opinions

that decided the adequacy of a colloquy with an unrepresented claimant. *McGrew* noted first that "The United States Court of Appeals for the Third Circuit has declined to adopt a rigid protocol for an [Administrative Law Judge] to follow when obtaining a waiver of representation." *McGrew, supra,* at *12-13, *citing Vivaritas*, 264 F. App'x at 158 n.1 (declining to adopt the procedure set forth by the United States Court of Appeals for the Seventh Circuit in *Skinner*, 478 F.3d at 842, which requires an ALJ to notify claimant of specific rights in order for the waiver to be considered valid). Looking to the various cases cited in *McGrew*, the undersigned can summarize the precedent with two guiding principles. First, the general guideline appears to be that an Administrative Law Judge should notify the claimant as to what a representative or counsel would do for him or her at the hearing. Second, the Administrative Law Judge should allow the claimant the opportunity to continue the hearing in order to find a representative or counsel.

In the case at bar, the following colloquy took place:

Administrative Law Judge: Okay, all right. Here's what I want to talk to you about before we get going. It makes no difference to me whether you have an attorney or not, and I'm not trying to talk you into getting one or talk you out of getting one. You're letter to – but I want to ask you a couple questions. . . The letter to Ms. Niven's firm

indicates that you were going to seek other representation. And this is a yes or no question. Did you do so?

Rhodes: Yes.

Administrative Law Judge: Okay. And you're here by yourself?

Rhodes Yes.

ECF No. 9-2 at 32-33.

In light of the foregoing, the Court concludes that the colloquy was, in fact, incomplete. It is clear from this brief colloquy that the Administrative Law Judge did not obtain a valid waiver of representation from the unrepresented claimant. Here, the colloquy did not serve to advise Rhodes as to what a representative or counsel would do for him at the hearing, nor did the Administrative Law Judge give Rhodes the opportunity to continue the hearing to allow time to find a representative or counsel.

In sum, the colloquy undertaken does not serve to satisfy the undersigned that Rhodes knowingly and intelligently waived representation at the hearing before the Administrative Law Judge.

**CONCLUSION:**

There is not substantial evidence to affirm the decision of the Commissioner of the Social Security Administration upholding the decision of the Administrative

Law Judge denying disability insurance benefits to Mr. Rhodes because the Administrative Law Judge failed to obtain a knowing and voluntary waiver of representation from an unrepresented claimant at the disability determination hearing. Accordingly, the decision of the Commissioner will be reversed and remanded.

An Order in accordance with the instant memorandum will issue this date.

BY THE COURT:

   s/ Matthew W. Brann
Matthew W. Brann
United States District Judge